**FILED**
**Jun 02, 2026**
**01:10 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | |
|---|---|
| **YALONDA WOODS,**<br>　　　　**Employee,**<br>**v.**<br>**TENNOVA HEALTHCARE**<br>**HOSPICE,**<br>　　　　**Employer,**<br>**and**<br>**AIU INS. CO.,**<br>　　　　**Carrier.** | **Docket No. 2025-20-5918**<br><br>**State File No. 17408-2025**<br><br>**Judge Brian K. Addington** |

## EXPEDITED HEARING ORDER

Yalonda Woods sought a total left-knee arthroplasty recommended by Dr. Jonathan Shaver, her authorized treating physician. Tennova argued that the surgery was not medically necessary. Based on the evidence below, the Court holds that Ms. Woods is likely to prevail at the compensation hearing that the surgery is medically necessary and orders Tennova to authorize it.

### Claim History

Ms. Woods injured her knee at work on March 13, 2025, and suffered a complete meniscus tear. The parties disagreed on the appropriate treatment plan.

Dr. Shaver recommended a total knee arthroplasty originally in August 2025, noting the tear and arthritis. Tennova sent the recommendation to utilization review. Dr. Tamara Pylawka determined the procedure was not medically necessary because imaging only showed mild osteoarthritis. The Bureau's Medical Director upheld the denial based on Ms. Woods's weight and the lack of a physical therapy trial.

Based on the denial, Dr. Shaver ordered physical therapy. Those notes showed that Ms. Woods had daily problems walking up and down steps and swelling. Although she made a good effort to rehabilitate her knee, it continued to cause pain.

1

After physical therapy ended without improvement, Dr. Shaver again ordered the surgery in December 2025, based on the former symptoms and imaging and a more recent x-ray showing increased medial joint narrowing and degenerative changes consistent with osteoarthritis.

Tennova again sought utilization review. Once again Dr. Pylawka denied surgery based on "no documentation of the extent of osteoarthritis. Radiology reports and magnetic resonance imaging (MRI) reports should be included for review."

In January 2026, the Medical Director agreed with the denial because "the supplied records failed to describe efforts at weight loss, nor do they describe gait abnormalities or other findings on physical exam that would document the need for the proposed surgery."

Ms. Woods underwent a functional capacity evaluation on February 9, and the therapist wrote that she gave good effort, walked with a slight limp, and experienced increased pain throughout the test.

Ms. Woods testified that she would like to have the surgery Dr. Shaver recommended so she can improve and return to work. Tennova argued the evidence upholds the denials.

During the hearing, the Court observed that Ms. Woods walked with a limp when she approached the witness stand.

### Findings of Fact and Conclusions of Law

To obtain the surgery in question, Ms. Woods must show a likelihood of prevailing at a compensation hearing that she is entitled to the recommended surgery and a referral to a new orthopedist to treat her left-knee injury. Tenn. Code Ann. § 50-6-239(d)(1) (2025).

Dr. Shaver is entitled to a presumption that the recommended surgery is medically necessary under Tennessee Code Annotated 50-6-204(a)(3)(H). However, Tennova argued that the opinions of its utilization review physician and the medical director outweigh Dr. Shaver's opinion. The Court disagrees.

When faced with competing expert opinions, a "trial judge has the discretion to determine which testimony to accept." *Payne v. UPS*, No. M2013-02363-SC-R3-WC, 2014 Tenn. LEXIS 1112, at *18 (Tenn. Workers' Comp. Panel Dec. 30, 2014).

In doing so, the trial court can consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information by other experts." *Bass v. The Home Depot*, 2017 TN Wrk. Comp. App. Bd. LEXIS 36, at *9 (May 26, 2017).

Additionally, a trial court is not bound by the determination of the utilization review physician or the Bureau's Medical Director but is charged with conducting a de novo review to determine whether Tennova rebutted the presumption that the recommended surgery is reasonably necessary to treat the work injury. *Shelton v. Joseph Constr. Co.*, No. M2014-01743-SC-R3-WC, 2015 Tenn. LEXIS 467, at *18 (Tenn. Workers' Comp. Panel June 3, 2015).

Dr. Pylawka denied the surgery based on a lack of imaging results or documentation of the extent of osteoarthritis. The Court cannot discern whether Dr. Pylawka means they do not exist or that she just did not have them. However, Tennova has the responsibility to supply these records to her. Tenn. Comp. Rules & Regs. 0800-02-06-.06(2) (2022). Regardless, her opinion does not overcome the presumption afforded Dr. Shaver, and his opinion that, after comparing newer x-rays and the old MRI, her knee changes were consistent with osteoarthritis caused by the work injury.

The Medical Director upheld the denial based on a lack of records describing weight-loss efforts, gait abnormalities, or other physical findings documenting the need for surgery. These reasons differ from Dr. Pylawka's. Neither Dr. Pylawka nor the medical director had the functional capacity evaluation, where the therapist noticed that Ms. Woods walked with a limp. The therapist observed Ms. Woods, but the utilization review doctor and the medical director did not. Also, the medical director did not explain his concern over her weight, and the records do not reveal any weight concerns by Dr. Shaver.

Dr. Shaver's opinion has not changed over time, and he observed and examined Ms. Woods, while others did not. "It seems reasonable that the physicians having greater contact with the Plaintiff would have the advantage and opportunity to provide a more in-depth opinion, if not a more accurate one." *Bass,* 2017 TN Wrk. Comp. App. Bd. LEXIS 36 at *14. The Court also observed Ms. Woods's limp.

The Court accredits Dr. Shaver's opinion as more persuasive and finds that the opinions of the utilization review physician and Medical Director do not rebut the presumption afforded Dr. Shaver.

Therefore, the Court holds that Ms. Woods is likely to succeed at a compensation hearing on this issue, so Tennova shall authorize the surgery recommended by Dr. Shaver.

**IT IS ORDERED AS FOLLOWS:**

1. Tennova and its carrier must authorize the recommended surgery and provide reasonable and necessary medical treatment under Tennessee Code Annotated section 50-6-204(a)(1)(A).

2. The Court sets a status hearing on **July 27, 2026, at 2:00 p.m. Eastern**. The parties must dial **855-543-5044** to participate in the hearing.

3. Unless appealed, compliance with this order must occur no later than seven business days from the date of entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3).

**ENTERED June 2, 2026.**


**Brian K. Addington**

_____
**JUDGE BRIAN K. ADDINGTON**
**Court of Workers' Compensation Claims**

4

**APPENDIX**

**Exhibits:**

1. Yolanda Woods's affidavit
2. Medical records
3. Dr. Shaver response form
4. UR Report 8/22/2025
5. Medical Director letter 9/15/25
6. UR Report 12/23/25
7. Medical Director letter 1/12/26
8. Dr. Shaver WORKlink record

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent on May--, 2026.

| Name | Email | Service sent to: |
|---|---|---|
| Michael Large, Employee's Attorney | X | michael@largelaw.com donna@largelaw.com cooper@largelaw.com |
| Joshua Wolfe, Employer's Attorney | X | joshua.wolfe@mgclaw.com mandi.hargis@mgclaw.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on _____  ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:
_____
_____
_____
_____

**Parties**
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee
Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____
*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*